### ABILLIO ALFAMA, ET AL.
vs.
### ANTON PAULSEN

Superior Court        New Haven County        File #45671

Present:  Hon. PATRICK B. O'SULLIVAN, Judge.

Philip Pond,                     Attorney for the Plaintiffs.

Harold E. Drew,                  Attorney for the Defendants.

## MEMORANDUM FILED MARCH 29, 1937.

O'SULLIVAN, J. The plaintiffs commenced this action in 1934. The complaint alleges that the defendants, by damming a brook running through their property caused the impounded water to seep upon the land of the plaintiffs through a retaining earthen bank, and that this has resulted in the maintenance of a nuisance.

The case came to trial in 1935. After the introduction of a portion of the evidence, the litigants and their counsel, at the suggestion of the presiding judge, spent several hours discussing a settlement of the differences. Finally, counsel for both parties appeared in open court and announced that an understanding had been reached by which the defendants would pay the cost of meeting the recommendations of two engineers for eliminating the nuisance, and upon this being done, the case would be withdrawn from court. The engineers then suggested certain changes in the spillway of the dam and these were attended to and paid for by the defendants.

The plaintiffs now not only refuse to withdraw the action but insist upon a trial of their cause on the ground that they never agreed to any settlement. The original answer has been withdrawn and another has been substituted reciting

the foregoing facts and in addition thereto setting up a cross complaint asking for injunctive relief to prevent the plaintiffs from proceeding further with the prosecution of the case.

We are thus confronted with an unfortunate situation which, from this vantage point of hindsight, questions the wisdom of a settlement reached by apparently unwilling or non-understanding litigants. However, there is no doubt that the answer is a complete defense in avoidance. The strictly legal course which this Court must pursue is to grant the relief requested in the cross complaint. However, I venture to make a suggestion to counsel which they are at liberty to accept or reject as they see fit. It is quite apparent that these plaintiffs now feel that the effect of their counsel's stipulation has gone further than they at the time believed it would go. The dilemma may be solved in a manner by which the defendants will not be harmed, save in a strictly technical sense, and the plaintiffs will have an opportunity to try their case on its merits.

Accordingly, judgment may enter on the cross complaint two weeks hence restraining the plaintiffs from further prose-cution of this action. Meantime, if these plaintiffs will be willing to pay to the defendants all sums expended as a result of the stipulation, I recommend to counsel that this offer be accepted and that the present answer and cross complaint be withdrawn. If this is done within the time above limited, the order of injunction shall be cancelled and revoked.